# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-323V
### (Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                        *
ANNMARIE AUER,                          *       Special Master Corcoran
                                        *
                Petitioner,             *       Filed: August 24, 2016
                                        *
        v.                              *       Attorney's Fees and Costs;
                                        *       Tetanus Diphtheria Acellular
                                        *       Pertussis ("Tdap") Vaccine; Brachial
SECRETARY OF HEALTH AND                 *       Plexopathy; Table Injury.
HUMAN SERVICES,                         *
                                        *
                Respondent.             *
                                        *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Ronald Craig Homer*, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner.

*Camille Michelle Collett*, U. S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEY'S FEES AND COSTS[1]

On March 30, 2015, Petitioner Annmarie Auer filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] On December 9, 2015, Respondent filed a Rule 4(c) Report conceding that Petitioner suffered a Table Injury of brachial plexopathy due to her receipt of a tetanus-diphtheria-acellular pertussis vaccine. On December 14, 2016, I entered a decision finding that Petitioner had established that she was entitled to compensation for her injury. On April 11, 2016, Respondent filed a proffer proposing an award of compensation to Petitioner, and I issued a decision based on the proffer that was reduced to a judgment, dated April 27, 2016

---

[1] Because this decision contains a reasoned explanation for my action in this case, I will post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the posted decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C.A. § 300aa-10 to § 300aa-34 (2012).

(ECF No. 30).

On July 11, 2016, Petitioner filed a Motion requesting an award of attorney's fees in the amount of $18,048.90, for work performed by her counsel from the law firm of Conway, Homer & Chin-Caplan, P.C. (the "Homer Firm"), and costs in the amount of $856.65. ECF No. 33. In accordance with General Order No. 9, Petitioner's counsel also represented that Petitioner separately incurred $107.50 in reimbursable costs in proceeding with this petition. *Id.* at 37.

On July 20, 2016, Respondent filed a document reacting to Petitioner's Motion. ECF No. 34. Respondent asserts that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for Respondent in the resolution of a request by a Petitioner for an award of attorney's fees and costs." *Id*. at 1. Respondent added that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id*. at 2. However, she maintained that a reasonable amount for fees and costs in the present case would fall between $12,000.00 and $14,000.00, providing a series of citations for settled cases, like the present, where similar injuries were alleged. *Id*. at 3 (citations omitted).

On August 1, 2016, Petitioner filed an eleven-page reply. ECF No. 35. Petitioner argued therein that the citations offered by Respondent did not involve the Homer Firm, and that Respondent had not demonstrated with any particularity why those cases provided a benchmark against which to evaluate fees requested in this case. *Id.* at 3-5. Petitioner has also supplemented her original fees application, and asks that the award be increased by $557.50, reflecting work done in preparing the reply. Supplemental Fees Motion, dated Aug. 1, 2016 (ECF No. 36).

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). I have reviewed the billing records submitted with Petitioner's initial request, and based on my discretion and Vaccine Program experience, find no cause to reduce the requested rates. The attorneys and paralegals in this matter request hourly rates consistent with those proposed in *McCulloch v. Sec'y of Health & Human Servs*., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). *McCulloch* outlined forum rates for the Homer Firm attorneys, and I find its reasoning persuasive.

In addition, Respondent's "range" arguments, while reasonable generally, miss the mark under the circumstances of this case.[3] Petitioner's objection that the cases referenced as supporting the proposed range did not involve the Homer Firm, and therefore are inapplicable herein, is well-founded. Moreover, the circumstances of the cited cases has not been shown to be sufficiently congruent with those of this action to compel acceptance of the proposed range. Thus, for example,

---

[3] This is not to say that a proposed range for fees outcomes is never a reasoned basis for objection. A range that was tailored to the lawyer or law firm in question, as well as the circumstances of the case, would be far more persuasive.

in *Terry v. Sec'y of Health & Human Servs.*, No. 14-559V, 2014 WL 4931289 (Fed. Cl. Spec. Mstr. Sept. 10, 2014), the parties stipulated to $14,000.00 in fees and costs after settling a case that had only been initiated three months earlier, in June of that same year. This petition, by contrast, persisted for a year before it was resolved, and only four months after Respondent conceded entitlement in December 2015. With such a procedural background, it is difficult to react negatively to a fees and costs request that is less than $5,000.00 above the proposed high end of the range.

Furthermore, Petitioner's request for an additional fee of $557.50 for preparation of the reply is also reasonable, since it was prompted by Respondent's reasoned objections.

As noted above, Petitioner also requests an award of costs, both for her individually as well as counsel. ECF No. 51. Respondent has offered no specific objections to these costs, and upon review of the record I find that they are reasonable.

Accordingly, based on the reasonableness of Petitioner's request, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$19,463.05** as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel Mr. Ronald Homer. I also award a total of **$107.50** as a lump sum in the form of a check payable solely to Petitioner in accordance with her General Order No. 9 submission.

The clerk of the Court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment may be expedited by the parties' joint filing of notice renouncing the right to seek review.